**Martin Pineda DAMIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71378.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2007.*

Filed March 16, 2007.

Martin Pineda Damian, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Martin Pineda Damian, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision pretermitting his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004), and review due process challenges de novo, *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003). We deny the petition for review.

Pineda testified that he was not present in the United States between July 1993 and May 1995. Substantial evidence therefore supports the agency's conclusion that he failed to maintain continuous physical presence for the requisite period. *See* 8 U.S.C. § 1229b(d)(2) (stating that an applicant for cancellation of removal fails to maintain continuous physical presence if he "has departed from the United States for any period in excess of 90 days.").

Pineda's contention that the continuous physical presence requirement deprives him of substantive due process, is foreclosed by *Munoz,* 339 F.3d at 954 ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

